COPY

DREIER STEIN & KAHAN LLP
Judy M. Lam (SBN 173862)
jlam@dskllp.com
Maribeth Annaguey (SBN 228431)
mannaguey@dskllp.com
The Water Garden
1620 26th Street
Sixth Floor, North Tower
Santa Monica, CA 90404
Telephone: 310 828 9050
Facsimile: 310 828 9101

Attorneys for Plaintiff
United Commercial Bank

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

MAY 03 2007

BY _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

UNITED COMMERCIAL BANK, a California corporation

   Plaintiff,

vs.

LIFEGEAR, INC., a New Jersey corporation, dba Earthgear Therapeutic Innovations Co., dba LifeCare, dba Essence; PAUL HSIEH, an individual; and DOES 1 through 25, inclusive

   Defendant.

CASE NO. CIVRS700888

[Action filed on May 1, 2007]

[Assigned to: Honorable J. Michael Dunn]

[~~PROPOSED~~] ORDER APPROVING STIPULATION FOR :

1) APPOINTMENT OF RECEIVER; AND

2) PRELIMINARY INJUNCTION

Date:   May 3, 2007
Time:   8:30 a.m.
Place:  Dept. R8

The court having considered the parties' Stipulation for Appointment of Receiver, and having heard argument of counsel for all parties appearing before the court at the ex parte hearing to approve the Stipulation at 8:30 am on May 3, 2007, and the court having determined that good cause exists for the relief called for in the Stipulation,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.   Receiver. Kenneth Krasne ("Receiver") is qualified to act as receiver in this action, and Receiver's undertaking in the sum of $100,00 will give adequate protection to all interested parties, and that Plaintiff is entitled to have Receiver appointed as receiver for the business of Defendant Lifegear, Inc. as described herein.

DREIER STEIN
KAHAN LLP

927010_2.DOC

[~~PROPOSED~~] ORDER APPROVING STIPULATION RE APPOINTMENT OF RECEIVER AND PRELIMINARY INJUN[CTION]

EXHIBIT
1

2. <u>Plaintiff's Bond</u>. Plaintiff shall file a bond in the amount of $10,000 pursuant to California Code of Civil Procedure §529. Such bond shall be from a surety approved by this Court and shall be filed in Department ___ by no later than 4:00 p.m. on _____, 2007. Plaintiff shall not be required to file a bond as a condition to the appointment of a receiver pursuant to Code of Civil Procedure, Section 566(b).

3. <u>Receivership Estate</u>. Upon filing of the undertaking and the oath, Receiver shall be vested with all the powers and responsibilities of a receiver as provided by Code of Civil Procedure Section 564, et seq., and as specifically set forth herein, and shall take possession and be appointed as the Receiver of the Lifegear's business and all its equipment, assets, inventory, personal property and real property, wherever located (the "Receivership Estate"). The Receivership Estate shall include, without limitation, all the collateral pledged to plaintiff as security under the loan documents, as more particularly described in the Complaint (the "Collateral").

4. <u>Possession by Receiver</u>. The Receiver is hereby authorized to take possession immediately of A) Lifegear's office and property located at 9858 Baldwin Place, El Monte, CA; B) Lifegear's warehouse and personal property at 5200 Ontario Mills Parkway, Suite 100, Ontario, CA; C) Lifegear's inventory and personal property at McKenna Logistics Center, 1260 Lakeshore Road East, Mississauga, Ontario, Canada; D) the Receivership Estate, including any other personal property thereof, tangible and intangible, land, buildings and structures, leases, fixtures and moveable personal property used or associated with the Lifegear and/or the Receivership Estate, wherever located. Specifically, the Receiver shall take possession and control of: (1) all assets, contracts, royalties, rents, receivables, accounts, deposits, profits, equities and all money; (2) all materials, supplies, fixtures, furniture, equipment, inventory, tools, vehicles and other personal property owned by Defendant Lifegear, including, without limitation, goods and inventory bearing the following brand names: Lifegear, Earthgear, LifeCare, Essence, Ironman and Motorized Oxy-Cycle ; (3) all real property of the estate, including all leaseholds, easements, lease agreements and rights of access; (4) all books, ledgers, checkbooks, bank statements, accounting records, customer lists, billing records, tax returns and records of any kind

including, but not limited to, any record electronically stored and/or stored on hard drives, CDs, CD-Rom, computer databases and floppy disks and other records pertaining to the Defendant Lifegear and/or the Receivership Estate.

5. <u>Turnover</u>. Defendant Lifegear, its agents, representatives, property managers, employees, and partners, including Paul Hsieh (as President of Lifegear), shall immediately deliver to the Receiver, and as he may request from time to time, possession of the Receivership Estate, the Collateral, and books and records related thereto.

6. <u>Receiver's General Powers and Duties</u>. The powers and duties of the Receiver shall conform to the powers, duties, and authority as provided by Code of Civil Procedure Section 564, et seq. and as more specifically set forth herein. The Receiver shall operate, manage, preserve, care for and maintain the Receivership Estate, including the following acts:

    a. The Receiver may notify all necessary local, state and federal governmental agencies (including any taxing authorities), vendors, suppliers, customers and other interested parties of the appointment of the Receiver and direct them to send correspondence and monies to the Receiver rather than to Defendants.

    b. The Receiver shall collect any and all receivables, royalties, rents, income, issues, and profits from the Receivership Estate.

    c. All receivables, royalties, rents, income, issues, and profits collected by the Receiver may be applied, in the Receiver's discretion, to the care, management, preservation, and maintenance of the Receivership Estate and to pay expenses and debts of the Receivership Estate. Receiver shall hold any excess monies not expended for such purposes subject to further order of this Court. Receiver or any party to this action may, from time to time and on due notice to all parties entitled thereto, apply to this Court for orders instructing Receiver as to the disposition of the royalties, rents, income, issues, and profits collected by Receiver.

    d. The Receiver may operate the Lifegear's business in the ordinary and usual course of Lifegear's business and in the best interest of the Receivership Estate, which may include liquidation of the assets and termination of the business, or sale of the business as a

going concern. The Receiver may employ and pay (including employee state and federal taxes) or terminate servants, agents, employees, managers, clerks, liquidators, auctioneers, and accountants; may purchase materials, supplies, advertising, and other services at ordinary and usual rates and prices using funds that shall come into the Receiver's possession; may collect or compromise debts of the Receivership Estate; and may incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar enterprises, which, in the Receiver's reasonable judgment, are necessary for the operation of the Receivership Estate and Lifegear's business. No such risk or obligation so incurred shall be the personal risk or obligation of Receiver but shall be a risk or obligation of the Receivership Estate.

   e. The Receiver is authorized and empowered to execute and prepare all documents and to perform all acts in the name of Defendant LifeGear, its managers or its principal, Paul Hsieh, solely in his capacity as President of Lifegear, which are necessary or incidental to preserving, protecting, managing, operating and/or controlling the Receivership Estate, including, but not limited to, the following:

   (1) demand and receive all keys and passwords needed to access all business premises used by the Defendant or housing Defendant's property and all books, records, accounts, ledgers, bank account data, documents of title, unpaid bills in connection with the Receivership Estate. Defendant and any of Defendant's agents or employees having possession of such keys, accounts, records, documents, books, papers, unpaid bills, passwords and software are directed to turn the same over to the Receiver immediately. Lifegear and its agents and employees are hereby further ordered to immediately forward to the Receiver all bills that they may receive in the future in connection with the Receivership Estate;

   (2) to sign authorizations, withdrawals, and information requests as to all bank accounts of Lifegear;

   (3) to open or witness the opening of all mail addressed to Lifegear, and to sign for delivery or refusal of all packages or freight;

   (4) to convey good and valid title in any sale of any Collateral and to sign any necessary documents to accomplish that purpose;

(5) to sign necessary documentation relating to the storage and release from storage, or delivery of any inventory or other Collateral;

(6) apply for and obtain fees for any licenses, permits or governmental approvals necessary to comply with the receivership obligations;

(7) in the ordinary course of business, enter into new contracts or at his discretion, exercise Lifegear's rights under existing contracts and agreements concerning the Receivership Estate.

(8) open one or more checking or savings accounts or both in a bank or other financial institution insured by the FDIC for the deposit of monies collected or received by the Receiver, and the Receiver shall have such authority to write checks or direct that such checks be written on such account for the purpose of making any payment required or permitted to be made hereunder by the receivership estate and the Receiver shall use the taxpayer identification numbers of Lifegear for the purpose of opening such bank accounts and for conducting the Receivership Estate's business;

f. The Receiver may bring and prosecute all proper actions for the collection of receivables or rents due to the Receivership Estate, for the removal of any occupant, tenant or other persons in default from the Receivership Estate and to bring, prosecute and defend all actions for the protection of the Receivership Estate or to recover possession thereof;

g. The Receiver shall take possession of and receive from all depositories, banks, savings and loan associations, thrifts, brokerages, and otherwise, any money on deposit in such institutions relating to the Receivership Estate, or income accounts of the Receivership Estate, and may open or close any and all monetary accounts, including bank checking, savings, money market, certificate of deposit or brokerage accounts, and the receipt of Receiver of these funds shall discharge any institutions from further responsibility for accounting for these funds for which the Receiver shall give a receipt.

h. The Receiver shall take possession of, succeed to, and exercise Lifegear's rights in and under all executory contracts, leases, sales contracts, options or other agreements affecting the Receivership Estate. The Receiver shall take possession of the business

premises of the Lifegear and all warehouses where the Lifegear has its inventory and personal property, wherever they may be located, to the exclusion of the Defendants and all other parties that do not have an interest in the Receivership Estate.

        i.     The Receiver may cancel, extend, modify, or enter into any agreements, contracts or leases necessary or appropriate for the operation of the Receivership Estate. Receiver may pay, collect, hold, or refund security deposits as Receiver deems appropriate for the management and preservation of the Receivership Estate;

        j.     The Receiver shall have the right to liquidate such aspects of Lifegear's business operations and personal property assets.

7.    <u>Receiver's Fees</u>. The Court hereby approves hourly rates for the Receiver of $185.00 per hour. The Receiver may utilize the services of his or her receivership staff, all of whom will be billed at their usual hourly rates. The Receivership Estate may pay the fee and advance all receivership expenses to the Receiver as early in each month as sufficient funds exist subject to the Monthly Accounting Procedure set forth herein.

8.    <u>Monthly Accounting</u>. The Receiver shall each month prepare and serve on the parties, but not file, an accounting of the income and expenses incurred in the administration of the Receivership Estate including the Receiver's fees and expenses.

        a.     The Receiver may pay the Receiver's own fees and expenses only by the following alternate procedures:

        (1)     By serving on all parties a notice of intent to pay to which no objection is served on the Receiver within 20 days of the date the notice is served.

        (2)     By serving and filing a request for interim payment, which the court then approves.

        (3)     By obtaining and filing an agreement among all the parties approving the payment, which the court then approves.

        (4)     By filing the Receiver's final accounting and report, which the court then approves.

        b.      The Receiver shall not reimburse the Receiver for the Receiver's general office administration expenses or overhead. These expenses include, for example, office supplies and employee payroll, benefits, and taxes of the Receiver.

        c.      Interim fees paid shall be subject to final review and approval by the court. The court retains jurisdiction to award a greater or lesser amount as the full, fair and final value of such services.

9.      <u>Notice to Receiver</u>. Plaintiff shall promptly notice the Receiver in writing of the names, addresses, and telephone numbers of all parties who appear in the action and their counsel. The parties shall give notice to the Receiver of all events that affect the receivership.

10.     <u>Insurance</u>. Lifegear shall notify the Receiver upon the Receiver taking possession of the Receivership Estate whether or not there is insurance coverage for the Receivership Estate. If sufficient insurance coverage does exist, Defendants shall be responsible and are hereby ordered to name the Receiver as an additional insured on the insurance policy(ies) for the period that the Receiver shall serve as the Receiver. If there is insufficient insurance coverage, it is hereby ordered that the Receiver shall have seven (7) working days to procure insurance, providing the Receiver has funds available to do so, and during this period the Receiver shall not be personally responsible for claims arising or for the procurement of insurance.

11.     <u>Use of Funds by Receiver</u>. The Receiver shall pay only those bills which are reasonable and necessary for the operation of the Receivership Estate and shall allocate funds in the following order of priority: (1) the costs and expenses of operating the Receivership Estate including utilities, hazard and workers' compensation insurance premiums related to the protection of the interests of the Receivership Estate; and, (2) the fees and expenses incurred by the Receiver in managing the Receivership Estate; provided, however, that Receiver shall not pay payroll and any tax liabilities of the Lifegear arising prior to the inception of the Receivership Estate, except that the Receiver has the discretion to pay payroll and federal or state employee withholdings arising from the pay period immediately prior to the inception of the Receivership Estate. The Receiver shall obtain the Court's approval, after notice to appropriate parties, and ex

parte if necessary in his discretion, prior to making capital expenditures or payment of unsecured debt (other than ordinary and necessary trade accounts payable) or payments other than those ordinarily and necessarily incurred in the operation of the Receivership Estate.

12. <u>Utilities for Receivership Estate</u>. Any utility companies providing service to the Receivership Estate, including communications, telephone, electricity, gas, water, sewer, and garbage pickup or similar services, shall be prohibited from discontinuing service to the Receivership Estate based upon any unpaid bills incurred by the Lifegear. In addition, any utility companies providing service to the Receivership Estate shall be prohibited from requiring that the Receiver deposit funds in advance as a condition of resuming any previously discontinued utility service to the Receivership Estate.

13. <u>Postal Service</u>. The United States Postal Service ("USPS") shall deliver any and all mail addressed to Lifegear at any address, including the Subject Property, as directed or redirected by the Receiver. Lifegear shall be prohibited from making, and the USPS shall not accept from Lifegear, any change of address designations or instructions contrary to those of the Receiver.

14. <u>Further Instruction of the Court</u>. The Receiver, or any party in this action, may from time to time, and on due notice to all parties, and ex-parte if necessary, make application to this Court for further orders instructing said Receiver.

15. <u>Control of Receivership Estate</u>. Receiver may, to the extent necessary, in Receiver's discretion, exclude from the Receivership Estate and suspend the authority of defendants, their agents, managers, corporate officers and employees, and anyone claiming under them.

16. <u>Inventory</u>. Within thirty (30) days of his appointment, the Receiver shall file an initial inventory of the assets of the Receivership Estate.

17. <u>Bankruptcy</u>. If a defendant files a bankruptcy case during the receivership, Plaintiff shall give notice of the bankruptcy case to the court, to all parties, and the Receiver by the closing of the next business day after the day on which Plaintiff receives notice of the bankruptcy filing. If a Receiver receives notice that a bankruptcy has been filed and part of the

bankruptcy estate includes property that is subject to this order, the Receiver shall have the following duties:

    a.    Turn over property if no relief from stay will be sought. The Receiver shall immediately contact the party who obtained the appointment of the Receiver and determine whether that party intends to move in the Bankruptcy Court for an Order for (1) relief from the automatic stay, and (2) relief from the Receiver's obligation to turn over the Receivership Estate (11 U.S.C. §543). If the party has no intention to make such a motion or motions, the Receiver shall immediately turn over the Receivership Estate to the appropriate entity – either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession – and otherwise comply with the 11 U.S.C. §543.

    b.    Remain in Possession pending resolution. If the party who obtained the receivership intends to seek relief immediately from both the automatic stay and the Receiver's obligation to turn over the Receivership Estate, the Receiver may remain in possession and preserve the Receivership Estate pending the ruling on those motions (11 U.S.C. §543(a)). The Receiver's authority to preserve the Receivership Estate shall be limited as follows:

    (1)    The Receiver may continue to collect rents and other income;

    (2)    The Receiver may make only those disbursements necessary to preserve and protect the Receivership Estate;

    (3)    The Receiver shall not execute any new leases or other long term contracts; and

    (4)    The Receiver shall do nothing that would effect a material chance in the circumstances of the Receivership Estate.

    c.    Turn over property if no motion for relief is filed within 10 days after notice of the bankruptcy. If the party who obtained the receivership fails to file a motion within 10 court days after his or her receipt of notice of the bankruptcy filing, the Receiver shall immediately turn over the Receivership Estate to the appropriate entity – either to the trustee in

bankruptcy if one has been appointed or, if not, to the debtor in possession – and otherwise comply with 11 U.S.C. §543.

      d.    Retain bankruptcy counsel. The Receiver may petition the court to retain legal counsel to assist the Receiver with issues arising out of the bankruptcy proceedings that affect the receivership.

      e.    Failure to turn over Receivership Estate. A Receiver who fails to turn over the Receivership Estate in accordance with this order shall not be paid for time and expenses after the date the Receiver should have turned the Receivership Estate over.

18.    <u>Termination of Receivership</u>. The Receiver's duties shall terminate, subject to further order of the court, when all of the Collateral has been taken into the Receiver's custody or control, and same has been sold and/or otherwise applied to the payment of Plaintiff's claim, or the claims of all known creditors are fully satisfied, or the Receivership Estate has been sold, and appropriate orders have been obtained from the court as to disbursement and disposition of receivership assets, payment of receivership fees, and discharge of the Receiver.

19.    <u>Receiver's final report and account and discharge</u>.

      a.    Motion required. Discharge of the Receiver shall require a court order upon noticed motion for approval of the Receiver's final report and account and exoneration of the Receiver's bond.

      b.    Time. Not later than 60 days after the receivership terminates, the Receiver shall file, serve, and obtain a hearing date on a motion for discharge and approval of the final report and account.

      c.    Notice. The Receiver shall promptly give notice to all persons of whom the Receiver is aware who have potential claims against the Receivership Estate.

      d.    Contents of motion. The motion to approve the final report and account and for discharge of the Receiver shall contain the following:

          (1)    Declaration or declarations. A declaration or declarations: (i) stating what was done during the receivership, (ii) certifying the accuracy of the final accounting, (iii) stating the basis for the termination of the receivership (such as foreclosure or

reinstatement), and (iv) stating the basis for an order for the distribution of any surplus or payment of any deficit.

(2) Accounting Summary. A summary of the receivership accounting, which shall include (i) the total revenues received, (ii) the total expenditures identified and enumerated by major categories, (iii) the net amount of any surplus or deficit, and (iv) evidence of necessary supporting facts.

## PRELIMINARY INJUNCTION

20. IT IS FURTHER ORDERED that defendants, and each of the, and their respective agents, servants, employees, assignees, successors, representatives, attorneys, and all persons acting under their direction or on their behalf, in concert with them, or for them, are restrained and enjoined during the pendency of this action from engaging in, committing or performing, directly or indirectly, any or all of the following acts:

a. Interfering with, hindering, or molesting in any way whatsoever the Receiver in the performance of the Receiver's duties herein described and in the performance of any duties incident thereto;

b. Failing or refusing to immediately allow entry to all premises in which Lifegear conducts business;

c. Transferring, directly or indirectly, any interest by sale, pledge, grant of security interest, assignment, or invoice or encumbering in any manner the inventory, Collateral, or any portion thereof, and all proceeds and products thereof;

d. Moving, transferring, concealing, destroying, defacing, or altering any of Lifegear's books and records;

e. Retaining possession of Lifegear's accounts receivable;

f. Demanding, collecting, expending, disposing, assigning, secreting, or in any other way diverting, using or making unavailable to the Receiver the inventory, proceeds, and receivables for the Receivership Estate;

g. Expending, disbursing, transferring, selling, conveying, devising, pledging, mortgaging, hypothecating, encumbering, concealing or in any other manner whatsoever dealing

   f. Demanding, collecting, expending, disposing, assigning, secreting, or in any other way diverting, using or making unavailable to the Receiver the inventory, proceeds, and receivables for the Receivership Estate;

   g. Expending, disbursing, transferring, selling, conveying, devising, pledging, mortgaging, hypothecating, encumbering, concealing or in any other manner whatsoever dealing in or disposing of any of the accounts receivable, rent, fixtures, contract rights, or any Receivership Estate in which Plaintiff has a security interest, without having first obtained the written consent of the Receiver;

   h. Doing any act which will, or which will tend to, impair, defeat, divert, or prevent or prejudice the preservation of the Receivership Estate or Plaintiff's security interest in its collateral;

   i. Diverting in any way any cash or the proceeds from the Receivership Estate assets including, but not limited to, accounts receivable, contract rights, and/or inventory;

   j. Causing any mail to be forwarded to any address other than the business premises of Lifegear and any other existing post office box in the name of Lifegear, or otherwise interfering with, opening, or intercepting any mail intended for Lifegear; and

   k. Withholding, failing or refusing to immediately turn over to the Receiver all of the Receivership Estate as set forth above, including all monies, checks, funds, goods, contracts, and documents, or failing to make available to the Receiver all books and records of Lifegear relating thereto.

  All persons now in possession of any part of the Receivership Estate, or books and records of Lifegear's, shall surrender possession to the Receiver.

22.

Date: MAY - 3 2007

J. Michael Gunn, Judge
JUDGE OF THE SUPERIOR COURT