UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| KENNETH A. KRASNE<br>COURT APPOINTED RECEIVER FOR<br>LIFEGEAR, INC. | *<br>*<br>*<br>* | CIVIL ACTION |
| VERSUS | *<br>* | NO. 6:07-CV-1849 |
| LL FITNESS, INC, d/b/a<br>MASSAGE KING | *<br>* | JUDGE<br>HAIK/MAG. METHVIN |

**********************************************************************

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

### FACTS

Lifegear, Inc.dba Earthgear Theraputic Innovations Co., dba LifeCare, dba
Essence went into Receivership on May 3, 2007.  (Ex. 1). At that time, the defendant
owed it $240,493.75. On November 8, 2007, the Receiver, Kenneth Krasne, filed the
instant suit against the defendant, claiming that it owed the plaintiff $240,493.75.  The
defendant filed an Answer and an Amended Answer and Cross Claim (Documents 5 and
18 respectively).   The defendant disputed said amount, but agreed that it owed the
plaintiff $100,000.00 (Ex. 2, excerpts from the deposition of Brian Leleux, the CEO of
the defendant – page 1 lines 22,23 and page 57 lines 21-24).

Additionally, the defendant claimed that it should be credited the amount of
$3786.32 (Paragraph 3, Amended Answer and Cross Claim (Document 18)).  However,
in his deposition, Mr. Leleux, the CEO of the defendant company, admitted that Freight

Pro, the shipping company he alleged was going to charge him the $3786.32, hasn't

charged him for said amount. (Ex. 3 Deposition of Mr. Leleux  p.10/15-11/13).

## LAW AND ARGUMENT

Under Fed. Civ. Pro. Rule 56(c),  summary judgment is appropriate "if the

pleadings, depositions, answer to interrogatories, and admissions on file together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."

1.   **The defendant admitting owing the plaintiff $100,000.00**

In his deposition, Mr.  Briam Leleux, the CEO of the defendant company

admitted that the defendant owed the plaintiff $100,000.00. (Ex. 2)[1]

Acknowledgment of a debt may be made verbally, in writing, . . . . . or in other

ways." *Bracken v. Payne & Keller Co., Inc.* 970 So.2d 582 (La. App. 1st Cir. 2007).

In the instant case, Mr. Leleux acknowledged, under oath, that the defendant disputed

about $140,000.00 of the debt to the plaintiff, but acknowledged a debt of

$100,000.00.  Therefore, as a matter of law, the plaintiff is entitled to a  partial

judgment, in the amount of $100,000.00, in its favor.

2.     **The defendant claim for set off in the amount of $3786.32 should be
dismissed**

In his deposition, Mr. Leleux testified that he had no proof of the alleged set off

claim in the amount of $3786.32 which was raised in the defendant Amended

Answer and Cross Claim.[2]   Mr. Leleux stated that the allegation was moot

---

[1] Q.  I know that you are contesting some of the amounts.  By your calculations how much do you owe
them?
A.   In the range of $100,000.00  (deposition of Brian Leleux p. 57/21-24 Ex. 2).
[2]  Defendant's Seventh Affirmative Defense alleges that it is entitled to offset or credit in the amount of

because he couldn't actually prove that he would have to pay Freight Pro the above mentioned sum. (Ex. 3 deposition of Brian Leleux 10/15-11/11). Therefore, since there is no material issue of fact, the plaintiff is entitled to judgment as a matter of law, declaring that the defendant is not entitled to a set off in the amount of  $3786.32.

## **CONCLUSION**

For the foregoing reasons, the mover is entitled to:

1)      judgment in the amount of $100,000.00;

2)      judgment declaring that the defendant is not entitled to a set off in the amount of  $3786.32.

Respectfully submitted:

s/Ruhama Dankner
Ruhama Dankner #24107
5200 Lapalco Blvd.
Sre 1
Marrero LA 70072
Tel: 504-348-8524
Fax 504-348-8570

---

3786.32 for a demand for payment from Freight Pro.